## W. A. LIGHTER & CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

Circuit Court of Appeals, Fifth Circuit. June 22, 1929.

No. 5409.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for appellant.

Edouard F. Henriques, Sp. Asst. in admiralty to the U. S. Atty., and William I. Connelly, Atty., U. S. Shipping Board, both of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment dismissing a libel for damages, alleged to be $22,388.46, occasioned by delay in delivery of 200 bales of cotton shipped by the steamship Newburgh, on April 30, 1920, from New Orleans to Bremen, Germany, and not delivered until the latter part of August, 1920, when the shipment was rejected by the consignee. The material facts are fully reviewed in the well-considered opinion of the District Court, 24 F.(2d) 536. It is unnecessary to refer to them, except generally, as we concur in the findings of the District Court.

The cotton was delivered at the dock in

New Orleans on April 30, 1920, and a custody bill of lading was issued by J. H. Steele & Co., Inc., as agents of the vessel. She was not at that time in port, and the contract did not contemplate that she should be. She arrived at the dock on May 7, 1920, and completed loading on May 25th. When the ship arrived in New Orleans, she needed necessary repairs, principally to the turbine engine. These could have been completed without docking the vessel in the ordinary course before loading could be completed. On or about May 18th, during the course of the repairs, a general strike of machinists was called in New Orleans, and this tied up repairs to the vessel until about July 19, 1920. After the strike, the repairs were prosecuted with all due diligence, and were completed about August 2, 1920, when the vessel sailed, arriving at Bremen, August 26, 1920, which was the usual time for completing the voyage. The bill of lading contained the following exception:

"Also, that the shipowner shall not be held responsible for loss, damage or delay wheresoever occurring, caused directly or indirectly by reasonably unavoidable delay of the vessel to repair or renew hull or machinery, or by riots, strikes, lock-outs, labor disputes or labor disturbances of any kind, or by any reasonable course of action adopted by the shipowners or other person whomsoever in contemplation or consequence thereof or in connection therewith."

It was practically impossible to have continued the repairs during the strike or to have moved the vessel to some other port, because mechanics in other ports would not complete the work already started in New Orleans, and threatened sympathetic strikes. Furthermore, it was not practicable to unload the cargo and tranship on another vessel, also because of threatened sympathetic strikes of longshoremen. It is evident from the facts in the record that the vessel was not at fault in failing to have the repairs completed sooner. It is contended by appellant that the ship was unseaworthy at the beginning of the voyage, and that the delay was occasioned by a breach of the implied warranty of seaworthiness. We do not agree with this contention. The vessel was seaworthy for the purpose of receiving and stowing cargo, and, after repairs were completed, she was in all respects seaworthy when she broke ground. There were no special circumstances made known to the ship or her agents necessitating more prompt delivery. The delay that was occasioned comes squarely under the exception of the bill of lading.

The record presents no reversible error.

Affirmed.